Santos-Garcia v. Barr

BIA
Weisel, IJ
A206 793 723/724

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand nineteen.

PRESENT:
RICHARD C. WESLEY,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*
_____

NORMA ELOGIA SANTOS-GARCIA,
SHELSON EDUARDO MELENDEZ-SANTOS,
*Petitioners,*

v.                                              17-1560
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONERS:          Heather Y. Axford, Central
                          American Legal Assistance,
                          Brooklyn, NY.

FOR RESPONDENT:           Joseph H. Hunt, Assistant
                          Attorney General; Nelle M.
                          Seymour, Trial Attorney, Office of
                          Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Norma Elogia Santos-Garcia and her son, Shelson Eduardo Melendez-Santos, natives and citizens of Honduras, seek review of an April 12, 2017, decision of the BIA affirming a July 29, 2016, decision of an Immigration Judge ("IJ") denying Santos-Garcia's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Norma Elogia Santos-Garcia, Shelson Eduardo Melendez-Santos,* Nos. A 206 793 723/724 (B.I.A. Apr. 12, 2017), *aff'g* Nos. A 206 793 723/724 (Immig. Ct. N.Y. City July 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the entirety of the IJ's decision as well as the BIA's additional statement regarding social group. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable

2

standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014)(reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

To demonstrate eligibility for asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id*. § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). An applicant who has not suffered past harm must establish a well-founded fear of future persecution, which is a "reasonable possibility of future persecution" for asylum and a "clear probability" of persecution in the withholding context. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 140, 143 (2d Cir. 2008) (quoting *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 565 (2d Cir. 2006)).

Santos-Garcia asserts that the agency erred in finding that she failed to establish past persecution. We can identify no error in the agency's decision because Santos-Garcia was not harmed or threatened by the gang and any harm

3

to her husband is not past persecution of her. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic.").

Absent past persecution, Santos-Garcia had the burden to show an "objectively reasonable" fear that she would be harmed in the future on account of a protected ground. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To be objectively reasonable, a fear must be more than speculative. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [a] fear is speculative at best."). As Santos-Garcia argues, the IJ used the clear probability and well-founded fear standards interchangeably. Although the agency errs if it applies the wrong standard, the IJ's decision as a whole does not support a conclusion that the wrong standard was applied: the IJ set out the well-founded fear standard initially and ultimately concluded that Santos-Garcia had not shown a well-founded fear of persecution. Moreover, as the IJ found there was no evidence to support Santos-Garcia's

4

claim as neither she nor her husband were harmed, she was not directly threatened, and she did not allege that the gang knew of her existence. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 68-69 (2d Cir. 2002) (concluding that BIA did not apply a more stringent burden of proof than a well-founded fear because its language that an applicant had not shown "that he would be subject to persecution upon his return to China . . . simply fault[ed] the applicant for failing to show that any of [his] actions would even potentially subject [him] to persecution upon his return to China").

Because these findings are dispositive of asylum and withholding of removal, we do not reach the agency's alternative findings whether Santos-Garcia's social groups were cognizable or whether she could show a nexus between her alleged fear and those grounds. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We note, however, that that BIA's reasoning is unclear. To the extent that the BIA stated that membership in a family cannot, as a matter of law, constitute a particular social group, it

5

misstates the law.  *See Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir. 2007); *see also Matter of L-E-A-*, 27 I. & N. Dec. 40, 42-43 (B.I.A. 2017), *held pending further review by the U.S. Att'y Gen.*, 27 I. & N. Dec. 494 (A.G. 2018).

Because the BIA denied CAT relief for the reasons given by the IJ, we have reviewed the IJ's decision.  *See Ming Xia Chen*, 435 F.3d at 144.  An applicant for CAT relief must show that "it is more likely than not that . . . she would be tortured."  8 C.F.R. § 1208.16(c)(2).  Although there is no protected ground requirement for CAT relief, Santos-Garcia's CAT claim fails for the same reasons as asylum and withholding of removal: she did not establish the required fear of future harm.  *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that failure to show possibility of future harm for asylum means applicant "necessarily fails to demonstrate" the higher standard for withholding of removal and CAT relief).  Santos-Garcia asserts that the IJ ignored country conditions evidence demonstrating that the Honduran government acquiesces in torture.  However, her country conditions evidence did not demonstrate that an individual in her "particular alleged circumstances" would more likely than not be tortured, or that the government would acquiesce in

6

her torture.  *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court